39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dale R. SMITH, Plaintiff-Appellant,
v.
Frank GUNTER; Rod Gottula, Dr. Lou Hesse; Frank Miller;
Ray Mort, Physician Assistant; Bill Tidwell,
Physician Assistant, Defendants-Appellees.
 No. 94-1196.
 United States Court of Appeals, Tenth Circuit.
 Oct. 26, 1994.
 
 Before SEYMOUR, Chief Judge, and McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Dale R. Smith, a Colorado state prisoner, brought this civil rights complaint pursuant to 42 U.S.C.1983 against personnel of the Colorado Department of Corrections alleging that defendants were deliberately indifferent to his serious medical needs and that they placed him in administrative segregation in violation of his constitutional rights to due process and equal protection. The matter was referred to a magistrate judge, who ordered a Martinez report on the allegations of inadequate medical care and then recommended that all of Mr. Smith's claims be dismissed. Mr. Smith filed objections to the report. The district court undertook de novo review and adopted the recommendation of the magistrate judge. Mr. Smith appeals, and we affirm.
 
 I.
 
 3
 Mr. Smith contends that the Colorado state statutes and regulations governing a prisoner's placement in administrative segregation give rise to a liberty interest protected by procedural due process. We recently examined virtually identical arguments raised with respect to the same statutes and regulations, and concluded that Colorado has not given its prisoners a liberty interest in any particular prison classification. See Templeman v. Gunter, 16 F.3d 367 (10th Cir.1994). Accordingly, we held in Templeman that placing a prisoner in administrative segregation, with its attendant adverse consequences, does not give rise to constitutional due process restraints. That holding is dispositive here.[2]
 
 II.
 
 4
 In addition to challenging his placement in administrative segregation, Mr. Smith also lists as issues presented for appellate review his argument that he was placed in administrative segregation in retaliation for filing lawsuits against the Colorado Department of Corrections and his contention that his medical treatment constituted cruel and unusual punishment. Mr. Smith's brief makes no further mention of his retaliation claim and we therefore deem the issue abandoned. See Bledsoe v. Garcia, 742 F.2d 1237, 1242 (10th Cir.1984) (claim deemed abandoned when appellant makes no arguments on appeal specifically addressing the claim).
 
 
 5
 The only additional reference to the cruel and unusual punishment claims that appears on appeal is Mr. Smith's statement that he submits these issues to be heard "on the record". We have carefully reviewed the record and the disposition of these claims below and we find no reversible error.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Apparently recognizing that one panel of this circuit cannot overrule another, see United States v. Spedalieri, 910 F.2d 707, 709 n. 2 (10th Cir.1990), Mr. Smith petitions this court to hear this case initially en banc. His petition has been circulated to the judges of this court in regular active service pursuant to Tenth Circuit Rule 35.5. Because a majority of those judges have not voted to give this matter en banc consideration, Mr. Smith's suggestion is denied. See id